STATE OF NORTH CAROLINA v. MAMIE RUTH HUNTER AND SYLVESTER GRAY

No. 757SC440
No. 757SC441

(Filed 19 November 1975).

1. Criminal Law § 66— in-court identification — independent origin

The evidence on voir dire in a robbery case supported the trial court's determination that the in-court identifications of the male defendant by two witnesses and the female defendant by one witness were of independent origin and not tainted by any illegal pretrial identification procedure where the evidence showed that both witnesses had ample opportunity to observe defendants under good lighting conditions during the course of the robbery.

**2. Criminal Law § 92— consolidation of charges against defendants**

The trial court did not err in consolidating for trial robbery charges against two defendants where the crimes were identical and were committed at the same time and place, evidence admissible against one defendant was admissible against the other, and their defenses were not antagonistic.

APPEAL by defendants from *Peel, Judge*. Judgment entered 10 January 1975 in Superior Court, WILSON County. Heard in the Court of Appeals 17 September 1975.

Defendants were individually charged with the felony of common law robbery. Upon motion of the State, the defendants' cases were consolidated for trial.

The State's evidence tended to show the following: On or about 6 November 1974 the defendants went to a small grocery store in Wilson County, owned and operated by J. E. Williams. On this particular morning, Williams and Arthur Jobe were in the store talking when defendant Hunter came in apparently to purchase a soft drink. After inquiring as to the price of the drink, Hunter went outside to get an empty bottle. Shortly after her return, defendant Gray entered and walked down one of the aisles. Gray then drew a gun and advised Williams that "This is a holdup, a real holdup." Hunter came over behind the counter and took money out of a cash register and a pouch containing a pistol and about $1,500.00 which was stored underneath the counter. As Hunter moved from behind the counter towards the door, Williams grabbed the pouch and a struggle ensued. Hunter called to Gray to "kill him" several times but Gray did not shoot. Instead, he ran over to Williams and hit him in the chest with the barrel of the gun knocking him to the floor. Gray and Hunter ran out of the store to a car and left the scene.

A change purse containing less than a dollar was also taken from the witness Jobe.

Hunter testified that she could not recall her whereabouts on the morning of 6 November 1974, but that she was not in Williams' store that morning nor at any other time before that date.

Gray then testified that he was a former employee of Orkin and had been in Williams' store while doing extermination work to get directions to houses or addresses in that particular neighborhood. Gray was fairly certain that he was probably asleep on the morning of 6 November 1974. Both defendants

testified that they had known each other for only a short period of time.

The jury found the defendants guilty, and from judgment imposing prison sentences, defendants appealed.

*Attorney General Edmisten, by Associate Attorney Robert P. Gruber, for the State.*

*Moore, Moore and Weaver, by Stephen L. Beaman, for defendant appellant.*

MARTIN, Judge.

[1] Defendants contend that the court erred in finding facts and making conclusions of law to the effect that the in-court identifications were of independent origin and not tainted by illegal pretrial identification procedure.

"It is well established that the primary illegality of an out-of-court identification will render inadmissible the in-court identification unless it is first determined on voir dire that the in-court identification is of independent origin. (Citations.)" *State v. Henderson,* 285 N.C. 1, 203 S.E. 2d 10 (1974).

In the instant case, upon objection by defendants to the identification testimony by Mr. Williams and by Mr. Jobe, the trial judge excused the jury and conducted voir dire hearings. On voir dire, Mr. Williams identified Gray as the man who robbed him. He testified that there was nothing over his face nor anything hindering him from looking at Gray's face. Williams further testified that the lighting in his store was not dim, and that the defendant was in his store not more than about five minutes. Mr. Jobe also identified Gray as the man who robbed Mr. Williams and identified Hunter as the female who accompanied him. He testified, "There's no doubt in my mind about the identification." He further testified that the lighting was good in the store at the time of the robbery.

At the conclusion of the voir dire hearings in which Mr. Williams and Mr. Jobe were examined, the court concluded as a matter of law that each of the in-court identifications of Gray had been entirely independent of any out-of-court confrontations and that the in-court identifications by the witnesses were not tainted in any manner. The court sustained the objection of Hunter to identification of her by Williams.

In the recent case of *State v. Tuggle,* 284 N.C. 515, 201 S.E. 2d 884 (1974), the rules governing voir dire hearings when identification testimony is challenged were concisely stated by Chief Justice Bobbitt:

> "When the admissibility of in-court identification testimony is challenged on the ground it is tainted by out-of-court identification(s) made under constitutionally impermissible circumstances, the trial judge must make findings as to the background facts to determine whether the proffered testimony meets the tests of admissibility. When the facts so found are supported by competent evidence, they are conclusive on appellate courts. (Citations.)"

Here the voir dire evidence shows that both Williams and Jobe had ample opportunity to observe defendants under good lighting during the course of the robbery. The court declined to allow Williams to identify Hunter as one of the robbers. It did allow Jobe to identify both defendants and allowed Williams to identify Gray. The court's findings were supported by competent evidence and are therefore conclusive on this Court.

[2]  Defendant Hunter also assigned as error the denial of the motion for a separate trial. The assignment of error is overruled. Defendants were charged with identical crimes that were committed at the same time and place. All the evidence that was admissible against one was competent and admissible against the other. Their defenses were not antagonistic. The judge, therefore, did not abuse his discretion when he ordered the cases consolidated for trial. *State v. King,* 287 N.C. 645, 215 S.E. 2d 540 (1975).

All of defendants' assignments of error have been considered and are overruled.

No error.

Chief Judge BROCK and Judge VAUGHN concur.